UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MIGUEL ROBLES, MARIA MONTIEL, individually and as guardian of MIGUEL ROBLES, and MARIA MONTIEL, as natural parent and guardian on behalf of minor A.R., <br><br>Plaintiffs, <br><br>v. <br><br>CHARLES E. TAYLOR, J. LARRY'S, INC., d/b/a ROOKIES, and KLAB, LLC, d/b/a PURADA RESTAURANT AND LOUNGE, <br><br>Defendants. | No.: 3:09-CV-489 <br>(VARLAN/SHIRLEY) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion to Dismiss for Failure to State a Claim [Doc. 4], filed by defendant KLAB, LLC, d/b/a Purada Restaurant and Lounge ("KLAB"), in which KLAB requests that plaintiffs' loss of parental consortium claims be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not responded and the time for doing so has passed. *See* E.D. TN L.R. 7.1(a), 7.2.

I.     **Relevant Facts**

Plaintiffs in this action are plaintiff Miguel Robles and plaintiff Maria Montiel, husband and wife, and minor plaintiff A.R., their child [Doc. 1-1, ¶¶ 1-4]. Plaintiff Maria Montiel is guardian of plaintiff Miguel Robles and parent and guardian of minor plaintiff A.R

[*Id.*]. On October 5, 2009, plaintiffs commenced this action against KLAB by the filing of a second amended complaint, Docket No. 2009-CV-148, in the Circuit Court for Loudon County, Tennessee [*see* Doc. 1]. KLAB properly filed a notice of removal to this Court on November 16, 2009, pursuant to 28 U.S.C. § 1441(b), the statute conferring this Court's original jurisdiction over diversity actions pursuant to 32 U.S.C. § 1332 [*see id.*]. *See* 28 U.S.C. § 1441(b); 32 U.S.C. § 1332.

Plaintiffs' claims in the amended complaint arise out of plaintiffs' allegations of a vehicle accident that occurred in Loudon County, Tennessee, on or about October 18, 2008, in which plaintiff Miguel Robles was injured when the vehicle he was riding in collided with a vehicle allegedly operated by defendant Charles E. Taylor ("Taylor") [Doc. 1-1, ¶¶ 8-11]. Plaintiffs' allege that, prior to the accident, Taylor was a customer at defendant J. Larry's, Inc., d/b/a Rookies ("Rookies") and a customer at Purada, a restaurant owned by KLAB [*Id.*, ¶¶ 6-7]. Plaintiffs allege, that while at Rookie's and Purada, Taylor was sold, served, and consumed alcohol while intoxicated. Accordingly, plaintiffs have asserted personal injury claims and loss of consortium claims against Taylor, Rookie's, and KLAB arising out of the vehicle accident in which plaintiff Miguel Robles was allegedly injured.

As stated above, plaintiff Miguel Robles is the father of minor plaintiff A.R. [Doc. 1-1, ¶ 2]. Three of plaintiffs' claims are loss of parental consortium claims for minor plaintiff A.R.'s loss of plaintiff Miguel Robles' services, comfort, companionship, society, guidance, and support: Count III [*Id.*, ¶¶ 19-20], Count VI [*Id.*, ¶¶ 30-31], and Count IX [*Id.*, ¶¶ 41-42].

2

## II. Analysis

### A. Standard of Review

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his or her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation fo the elements of a case of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (reaffirming that the *Twombly* standard for determining the sufficiency of a pleading applies to civil actions and is not limited to anti-trust claims); *MacDermid v. Discover Fin. Servs*, 488 F.3d 721, 733 (6th Cir. 2007). Thus, the factual allegations supplied must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61; *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009) (stating that the standard for a motion to dismiss is to screen out cases that "while not utterly impossible, are 'implausible'"). Consequently, a complaint will be dismissed pursuant to

Rule 12(b)(6) if there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### B. Loss of Parental Consortium

KLAB argues that plaintiffs have failed to state a claim recognized under Tennessee law because the state of Tennessee does not recognize a cause of action for a child's loss of parental consortium as a result of injuries to the parent. The Court agrees. The Tennessee Supreme Court in 2003 expressly declined to adopt a common-law cause of action for loss of parental consortium in personal injury cases. *Taylor v. Beard*, 104 S.W.3d 507 (Tenn. 2003). Therefore, to the extent plaintiffs seek to assert claims for loss of parental consortium in regard to minor plaintiff A.R.'s loss of consortium for plaintiff Miguel Robles' services, comfort, companionship, society, guidance, and support, there is no law to support these claims and plaintiffs' amended complaint fails to state a claim under prevailing law.

### C. Rule 11 Sanctions

KLAB also requests entry of an order for sanctions under Rule 11 of the Tennessee Rules of Civil Procedure, consisting of an award for attorneys' fees and expenses incurred by KLAB in the preparation and prosecution of the instant motion. Rule 11 provides that the signature of an attorney to a pleading, motion or paper presented to the court signifies that the attorney "has conducted a reasonable inquiry into the facts and the law, and is satisfied that the document is well-grounded in both, and is acting without any improper motive." *Andrews v. Bible*, 812 S.W.2d 284, 287 (Tenn. 1991); *see also* Tenn. R. Civ. P. 11.02. A court may impose sanctions on a party by motion of a complaining party, or on the court's

own initiative. *See* Tenn. R. Civ. P. 11.03(1). A court's imposition of sanctions under Rule 11 is discretionary. *See id.* (stating that "the court may . . . impose an appropriate sanction"). In regard to this case, the Court hereby declines to exercise its discretion and impose sanctions pursuant to Rule 11.

**III.     Conclusion**

Accordingly, and for the reasons stated herein, KLAB's Motion to Dismiss for Failure to State a Claim [Doc. 4] is hereby **GRANTED**, and Counts III, VI, and IX of plaintiffs' amended complaint [Doc. 1-1] are hereby **DISMISSED, with prejudice**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE