UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARIA MONTIEL, Administratrix of the Estate of Miguel Robles, Deceased, ) ) ) Plaintiff, ) ) ) V. ) ) CHARLES E. TAYLOR, *et al.*, ) ) Defendants. ) | No. 3:09-CV-489 (VARLAN/SHIRLEY) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 39] referring Defendant Klab, LLC, d/b/a Purada Restaurant and Lounge's Motion for Sanctions Against Plaintiffs and their Counsel [Doc. 38] to this Court for disposition.

On April 19, 2011, the Court held a hearing to address the Motion for Sanctions. Attorney John Chandler was present representing the Plaintiff. Attorney Terry Adkins was present representing Defendant Klab, LLC, d/b/a Purada, (hereinafter "Purada"), and Attorney Fred Clelland was present representing Defendant J. Larry's, Inc. d/b/a Rookies. Defendant Charles E. Taylor, who is unrepresented in this matter, did not appear at the hearing, despite notice having been sent to his last known address of 2004 Cedar Lane, Kingston, Tennessee 37763.

**I.      BACKGROUND**

This suit arises out of an automobile accident that occurred in the early morning hours of October 18, 2008. The Plaintiff alleges that Mr. Taylor was grossly negligent in his operation of a vehicle and was under the influence at the time of the accident involving his and Mr. Robles's automobiles. Mr. Robles eventually died from the injuries he suffered in the accident. [See Doc. 20]. The Plaintiff makes various claims against Purada, based upon an allegation Mr. Taylor visited Purada prior to the accident and Purada served him alcohol beverages, despite his being visibly drunk. [Doc. 1-1 at 15-18].

On February 17, 2011, the parties took the deposition of Mr. Taylor. [See Doc. 38-1]. Attorney Chandler examined Mr. Taylor first, and his examination included the following exchange:

> Q:   Now sitting with you at the counsel table, could you identify who that is?
>
> A:   Spence Bruner.
>
> Q:   And who is Mr. Bruner?
>
> A:   He's my criminal attorney.
>
> Q:   Is he providing you advice by nodding his head and so forth during this deposition with regard to when and when not you should assert the Fifth Amendment privilege?
>
> A:   Yes.
>
> . . . .
>
> Q:   Just to make sure I've covered this. Mr. Taylor, had you had anything to drink before, anything alcoholic to drink before the accident of October 18, 2008?
>
> A:   I plead my fifth Amendment right.

2

> MR. CHANDLER: I think that's all the questions I have right now.

[Doc. 38-1 at 5-6].

Attorney Atkins, counsel for Purada, posed the next question to Mr. Taylor:

> Q: Mr. Taylor, my name is Terry Adkins. I represent Purada's that's been sued by the plaintiffs in this case. Is it a true statement that on October 17 and 18, 2008, you did not consumer any alcoholic beverages at Purada's? Is that a true statement?

[Doc. 38-1 at 6]. At which time Attorney Chandler interjected, and counsel engaged in the following discussion:

> MR. CHANDLER: If he answers this, I think that opens it up. He can't pick and choose what he wants to answer and what he doesn't want to answer.
>
> MR. ADKINS: Counsel, you're not entitled to make statements on the record. If you have an objection to make, make an objection. Otherwise, I will call the Magistrate and –
>
> MR. CHANDLER: Well , I've asked him if he had anything to drink. He said he's not going to answer it and you can't come in and get him to say he hadn't had anything to drink because then he would waive his right. I think that would open up my questions as well and I think the Magistrate would require him to answer. He can't pick and choose what he's going to answer. He's got to either take the Fifth or not.

[Doc. 38-1].

Following the discussion, Mr. Taylor was asked whether he was served any drinks by any employee of Purada on October 17 and 18, to which he responded by invoking his Fifth Amendment privilege. [Doc. 38-1 at 6]. The parties contacted the chambers of the undersigned and were advised that this matter would have to be addressed through motion practice. Thereafter, Attorney Adkins

asked Mr. Taylor whether he was at Purada on October 17 and 18 or whether he was obviously intoxicated when he was at Purada. [Doc. 38-1 at 6]. Mr. Taylor responded that he pled his Fifth Amendment. [Doc. 38-1 at 6].

Purada filed its Motion for Sanctions on April 1, 2011, and the Plaintiff responded in opposition, [Doc. 41]. Purada made its final reply on April 18, 2011, and as stated above, the Court heard oral arguments on the motion on April 19, 2011. The Motion for Sanctions is ripe for adjudication, and for the reasons stated below, it will be **DENIED**, except that Purada's request for relief in the form of evidentiary sanctions will be **DENIED WITHOUT PREJUDICE**.

## II.  POSITIONS OF THE PARTIES

Purada alleges that Attorney Chandler's lengthy speaking objections during Attorney Adkins's examination of Mr. Taylor were unfair disruptions in the deposition testimony. Purada maintains that Attorney Chandler made incorrect statements of law and directly advised a party that was not his client that answering Attorney Adkins's question would constitute a waive of his Fifth Amendment privilege. Purada argues that Attorney Chandler violated Rule 30(c)(2) of the Federal Rules of Civil Procedure. [Doc. 38 at 3-4].

In its motion, Purada initially requested that the Court order Mr. Taylor to appear for a supplemental deposition with instructions regarding invoking his Fifth Amendment right against self incrimination and that the Court impose a reasonable monetary sanction including attorney's fees and expenses. [Doc. 38 at 4-5]. Following the filing of its motion, Mr. Taylor's criminal attorney, Spence Bruner, was suspended from the practice of law, and at the hearing, Purada specifically did not seek a second deposition, citing its belief that Mr. Taylor would not appear or not have counsel,

nor did Purada request monetary sanctions. Instead, Purada requested that the Court order that the Plaintiff's cannot use the negative inference from Mr. Taylor's invocation of the Fifth Amendment as a negative inference against Purada.

In responding to Purada's allegations and requests, the Plaintiff maintains that Attorney Chandler did not instruct Mr. Taylor not to answer any questions, and he did "not impede, delay, or frustrate the <u>fair</u> examination of Mr. Taylor." [Doc. 41 at 5 (emphasis in original)]. The Plaintiff contends that Attorney Chandler did not misstate the law and that he did not violate the provisions of Rule 30. The Plaintiff argues that the cases cited in support of Purada's request for sanction involve egregious behavior by counsel, unlike the instant allegations.

At the hearing, Attorney Chandler acknowledged that, if he had it to do over again, he would not have reacted the way he did in interrupting Attorney Adkins's examination. Attorney Chandler maintained that he was attempting to protect his client's interests in what he perceived to be an unfair and improper situation.

### III.   ANALYSIS

Initially, the Court finds that, contrary to the parties' focus on the correctness of the legal statements contained in Attorney Chandler's instruction, the issue in the current situation is Attorney Chandler's behavior itself, not the substance of his statements.

As the Court noted in the hearing, Rule 30(c)(2) allows non-examining counsel at a deposition to do one of two things: (1) listen and (2) make objections. Rule 30(c)(2) provides that any objection "must be stated concisely in a nonargumentative and nonsuggestive manner." The objection "must be noted on the record, but the examination still proceeds . . . ." Fed. R. Civ. P.

30(c)(2).

In this case, Attorney Chandler did not represent Mr. Taylor; in fact, Mr. Taylor's interests were specifically being represented by another attorney present at the deposition. Thus, Attorney Chandler was not charged with protecting Mr. Taylor's interests.

Further, Attorney Chandler did not state an objection. Even when specifically asked if he had an objection, he conceded he did not, [Doc. 38-1 at 6], but only after he had responded with a lengthy explanation of what he perceived to be an unfair situation and what he believed would or should happen if Mr. Taylor were to respond to Attorney Adkins's inquiry. Attorney Chandler's behavior is not the type condoned by Rule 30(c)(2). It was not concise; it was argumentative, suggestive, and not even an objection. It is the Court's expectation that Attorney Chandler will not repeat such behavior in the future.

The Court, however, finds that the behavior does not warrant a monetary sanction under Rule 30(d)(2). The Court reaches this conclusion, in part, because Purada did not seek monetary sanctions at the hearing on this matter and indicated that, following the filing of the Motion for Sanctions, it had reconsidered and modified the sanctions it sought.

At the hearing, Purada stated that it sought to prevent the Plaintiff from using the adverse inference associated with Mr. Taylor's invocation of the Fifth Amendment against Purada. While the Court acknowledges that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them," Baxter v. Palmigiano, 425 U.S. 308, 318 (1976), whether a party's invocation of the Fifth Amendment may be used to draw adverse inferences against another party in a civil case depends upon a number of factors, see John Paul Mitchell Sys. v. Quality King Distrib., Inc., 106 F. Supp.

6

2d 462, 471 (S.D.N.Y. 2000).

The Court finds that ruling on the application of this evidentiary sanction at this juncture would be inappropriate for two reasons. First, this prayer for relief was not included in Purada's initial motion, and thus, neither the parties nor the Court have had the opportunity to fully evaluate the issue of applying an inference. Second, and more importantly, the Court finds that the use of the inference has not yet been put at issue in this case, and an evaluation of the appropriateness of its use would be advisory and premature.

Accordingly, the Plaintiff's Motion for Sanctions will be **DENIED**. The Court, however, has not ruled upon the merits of Purada's request for evidentiary sanctions, as the issue is not yet ripe for adjudication. The Court will entertain Purada's request for evidentiary sanctions – specifically, as to use of an adverse inference from Mr. Taylor's invocation of the Fifth Amendment – when, and if, it becomes ripe. Therefore, Purada's request for evidentiary sanctions, raised in its oral arguments at the hearing, is **DENIED WITHOUT PREJUDICE**.

IV. **CONCLUSION**

In sum, the Motion for Sanctions **[Doc. 38]** is **DENIED**, but Purada's request for relief in the form of evidentiary sanctions is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge